IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-3853 |
| | : | |
| ED PAWLOWSKI, *et al.*, | : | |
|     Defendants. | : | |

## **MEMORANDUM**

This matter comes before the Court by way of pro se Plaintiff Jimi Rose's Motion for a 30-Day Continuance to Comply with this Court's August 12, 2020 Order (ECF No. 13). For the reasons set forth below, the Court will grant Rose's Motion, and permit him **one final opportunity** to file an amended complaint in this matter.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

Rose initiated this action over a year ago by way of an Application to Proceed *In Forma Pauperis* along with a Complaint (ECF Nos. 1, 2). By Memorandum and Order dated November 22, 2019, the Court granted Rose leave to proceed *in forma pauperis* and screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF Nos. 6, 7.) Ultimately, certain of Rose's claims were dismissed with prejudice and others were dismissed without prejudice. (ECF No. 7, ¶¶ 3-4.) Rose was granted leave to amend on a narrow basis and directed to file an amended complaint within thirty (30) days. (*Id.* ¶4.) By Order dated January 23, 2020, the Court subsequently granted Rose's Motion to Clarify the Record and extended his time to file an amended complaint by an additional thirty (30) days. (ECF No. 9 at 2-3.)

When Rose failed to file a timely amended complaint by the extended deadline, the Court dismissed this case for failure to prosecute by Order dated March 3, 2020. (ECF No. 10.)

Order.  (ECF No. 4.)  However, shortly after the Court dismissed this matter, Rose filed a Motion to File Amended Complaint *Nunc Pro Tunc*.  (ECF No. 11).  In that Motion, Rose expressly represented to the Court that his amended complaint was ***prepared and ready to be filed*** as it was "in a Briefcase" belonging to his "typist" – Marcus A. Henry, Jr.  (ECF No. 11 at 1, 3).  In March, Rose explicitly stated that that Henry "inadvertently misplaced" the pleading and as a result it was not timely filed.  (*Id.* at 1.)  Based on this inadvertence, Rose asked the Court that he not be "punished" because of an "unintentional mistake" by his "typist" and requested that the Court allow him to file the amended complaint *nunc pro tunc*.  (*Id.*)  In support of his Motion, he included an affidavit from Henry confirming these circumstances.  (*Id.* at 3-4.)   However, despite his representations that the amended complaint was prepared and ready to be filed, Rose failed to attach a copy of the proposed amended complaint to the Motion seeking to file it *nunc pro tunc*.

By Order dated August 12, 2020 (ECF No. 12), the Court granted Rose's Motion and permitted him a brief extension to file his amended complaint.  At that time, the Court expressly noted that it was granting Rose's Motion "[i]n light of this alleged oversight by Henry" and based on "Rose's representation that the amended complaint . . . ha[d] already been prepared and was otherwise ready for submission to the Court if not for Henry's inadvertence[.]"  (ECF No. 12 at 2, n.2 & n.3.)  Accordingly, the Court permitted Rose a brief fourteen-day (14) time period to file the amended complaint specifically because it was reasonable to expect that Rose could promptly and easily comply with the Order given his own representations that the amended complaint was in Henry's briefcase and was ready to be filed but was inadvertently misplaced.  (ECF No. 11 at 1.)  The Court explicitly warned Rose and "**put [him] on notice that no further**

2

**extensions of time to file the amended complaint [would] be granted.**" (ECF No. 12 at 2) (emphasis in original).

## II. DISCUSSION

On August 31, 2020, the Clerk of Court docketed Rose's pending "Motion for a 30-Day Continuance to Comply with this Court's Order of the 12th Day of August, 2020" (ECF No. 13) (hereinafter, "the Continuance Motion") which is dated August 25, 2020.[1]  In the Continuance Motion, Rose seeks a thirty-day (30-day) extension of time in order to file his amended complaint.  According to Rose, "[t]here is no way . . . [he] can File a Response or a New Complaint in the short amount of time that the Court has given" him.  (ECF No. 13 at 1, ¶ 3.) Rose asserts that he "needs a 30-day extension in order for him to formulate and refile a Complaint for Civil Rights Violations." (*Id.* at ¶ 4.)  The Continuance Motion does not articulate any reasonable basis for Rose's request, does not demonstrate why Rose was unable to comply and file the amended complaint as directed, and fails to explain the contrary representations made in Rose's prior motion (ECF No. 11) and the present Motion (ECF No. 13), e.g., Rose's prior representations that the amended complaint was in Henry's briefcase ready for filing but inadvertently misplaced as compared to his current request seeking more time to "formulate and refile" an amended complaint.

In light of the fact that the Court previously put Rose on notice that no further extension of time would be granted and given the factual discrepancies Rose has put before the Court as to the status of the draft amended complaint, the Court could reasonably deny Rose's request for additional time because Rose has not demonstrated good cause for granting such an extension.

---

[1]  Rose's 14-day deadline to file the amended complaint in compliance with the August 12, 2020 Order fell August 26, 2020.  He represents that he received the August 12, 2020 Order on August 22, 2020. (ECF No. 13 at 1, ¶ 2.)

3

However, given Rose's *pro se* status, in the interests of justice and out of an abundance of caution, the Court will grant Rose's request for an additional thirty (30) days to comply with the Court's original November 22, 2019 Order and provide him with **one final** opportunity to file an amended complaint.

To be clear, Rose will be permitted "to file an amended complaint in the event he can allege a basis for a claim that does not concern the property at 2327 Hanover Avenue." (ECF No. 6 at 12.) Rose shall file his amended complaint within thirty (30) days of the date of this Memorandum and its accompanying Order. Having granted twice granted Rose additional time to file an amended complaint in this matter, Rose is hereby put on notice that this will be his **final** opportunity to do so. **<u>No further extensions of time will be granted</u>.** Subsequent to the issuance of this Memorandum and its accompanying Order, if Rose files a motion seeking additional time to file the amended complaint, that motion will be denied, and Rose's filing of such a motion rather than complying with the Court's directive to file the amended complaint will subject Rose to dismissal for willful non-compliance with Court Orders. *See Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). If, on the other hand, Rose simply fails respond, the Court will conclude that Rose intends to stand on his original Complaint and will issue a final order dismissing this case with prejudice. *See Weber v. McGrogan*, 939 F.3d 232, 239-40 (3d Cir. 2019) (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

### III. CONCLUSION

For the foregoing reasons, the Court will grant Rose's Motion for a 30-Day Continuance to Comply with this Court's August 12, 2020 Order (ECF No. 13). Rose will be given one final

opportunity to file an amended complaint, but only as to the claims the Court dismissed without prejudice in its November 22, 2019 Memorandum and Order (ECF Nos. 5 and 6).  An appropriate Order follows.

**BY THE COURT:**

                                                   /s/ Jeffrey L. Schmehl
                                          **JEFFREY L. SCHMEHL, J.**

**Date: September 21, 2020**