IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMI ROSE, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-3853 |
| | : | |
| ED PAWLOWSKI, *et al.*, | : | |
|     Defendants. | : | |

**ORDER**

This matter comes before the Court by way of pro se Plaintiff Jimi Rose's.  For the reasons set forth below, the Court will grant Rose's Motion, and permit him **one final opportunity** to file an amended complaint in this matter.

AND NOW, this 21st  day of September, 2020, upon consideration of Plaintiff Jimi Rose's Motion for a 30-Day Continuance to Comply with this Court's August 12, 2020 Order (ECF No. 13), it is **ORDERED** that:

1.     Rose's Motion for a 30-Day Continuance to Comply with this Court's August 12, 2020 Order (ECF No. 13) is **GRANTED**.

2.     Since the original time period for amendment has expired, the Court will extend that time period as set forth herein.  Rose may file an amended complaint within thirty (30) days of the date of this Order and its accompanying Memorandum but only as to those claims the Court dismissed without prejudice in the November 22, 2019 Memorandum and Order.  (*See* ECF Nos. 6, 7).  **Rose may not reassert any claims related to the property at 2327 Hanover Avenue in Allentown, Pennsylvania because the Court has concluded that those claims are time-barred**.  Any amended complaint must identify all defendants in the caption of the

amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Rose's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting his amended complaint, Rose should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum. **Rose is hereby put on notice that no further extensions of time to file the amended complaint will be granted.** Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3. If, in response to this Order and its accompanying Memorandum, Rose files a motion seeking additional time to file the amended complaint, that motion will be denied, and the filing of such a motion rather than complying with the Court's directive to file the amended complaint will subject Rose to dismissal for non-compliance with the Court's Orders.

4. If Rose fails to file any response to this Order, the Court will conclude that Rose intends to stand on his original Complaint and will issue a final order dismissing this case with prejudice.[1] *See Weber v. McGrogan*, 939 F.3d 232, 239-40 (3d Cir. 2019) (explaining that a

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).

plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).  Alternatively, Rose can file a "Notice of Intent to Stand on his Complaint" if he opts not to amend.

**BY THE COURT:**

/s/ Jeffrey L. Schmehl<br>**JEFFREY L. SCHMEHL, J.**